IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-45-BO

| | |
|---|---|
| TERRY C. BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM & |
| ) | RECOMMENDATION |
| THE COMMONWEALTH OF VIRGINIA, ) | |
| VIRGINIA TECH COLLEGE, VIRGINIA TECH ) | |
| POLICE DEPARTMENT, and ANY AND ALL ) | |
| UNKNOWN DEFENDANTS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears this matter was filed in a district where venue is not proper and should be transferred to the Western District of Virginia.

Plaintiff asserts a federal claim under 42 U.S.C. § 1983 for violation of due process and state law claims for false arrest, malicious prosecution, and illegal imprisonment against the Commonwealth of Virginia, Virginia Tech College, the Virginia Tech Police Department, and any unknown defendants. Compl. [DE-1-1] at 2–3. Plaintiff alleges that the Commonwealth Attorney's Office fabricated a felony judicial proceeding against her in the Montgomery County Circuit Court in Virginia; that Defendants informed her official documentation exists, including an arrest warrant from 2001 and a plea agreement from 2002; and that she had no knowledge of the purported felony proceeding until 2018, when a felony conviction was revealed pursuant to a background check performed in connection with her application for employment with the state of

1

North Carolina. *Id.* at 4; [DE-1-2]. Plaintiff resides in Fayetteville, North Carolina, and the Virginia Tech Defendants are located in Montgomery County, Virginia where the events at issue are alleged to have taken place. Compl. [DE-1-1] at 2–4; [DE-1-2]. Montgomery County is located in the Western District of Virginia.

> The general venue statute, 28 U.S.C. § 1391, provides that venue is proper in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "A natural person resides where he is domiciled." *Taylor v. City & Cty. of Honolulu*, No. 7:16-CV-410-D, 2017 WL 3526660, at *3 (E.D.N.C. Aug. 16, 2017) (citing 28 U.S.C. § 1391(c)(1)). A non-natural entity resides where that defendant is subject to the court's jurisdiction with respect to the case. *Id.* (citing 28 U.S.C. § 1391(c)(2)). "To determine whether a district meets the requirements of 28 U.S.C. § 1391(b)(2), courts must focus on the entire sequence of events underlying the claim and should not focus only on those matters that are in dispute or that directly led to the filing of the action," and "[a]lthough an event need not be in dispute to be considered substantial, it must give rise to the claim." *Id.* (internal quotation marks and citations omitted).

Under subsection (1) of the venue statute, venue is proper in the Western District of Virginia because all Defendants reside in that district. 28 U.S.C. § 1391(b)(1). Under subsection (2), venue is proper in the Western District of Virginia because all events giving rise to the claim occurred in that district. *Id.* § 1391(b)(2). None of the events at issue in this matter occurred in the Eastern District of North Carolina. Finally, subsection (3) provides no basis for venue in the Eastern District of North Carolina because venue is proper in the Western District of Virginia

2

under both subsections (1) and (2). 28 U.S.C. § 1391(b)(3); *Taylor*, 2017 WL 3526660, at *3. Plaintiff makes no allegations that would support a finding of proper venue in this district. *See Coleman v. New Hampshire*, No. 2:16-CV-53-FL, 2016 WL 10521068, at *4 (E.D.N.C. Oct. 26, 2016) (finding the Eastern District of North Carolina was not the proper venue for claims brought under § 1983 and state law, including malicious prosecution, related to criminal charges against the plaintiff filed in New Hampshire, because all the defendants were residents of New Hampshire and the events giving rise to the claims occurred in New Hampshire), *adopted by* 2016 WL 6683593 (E.D.N.C. Nov. 14, 2016). Further, the undersigned finds that it is in the interest of justice to transfer this matter to the Western District of Virginia. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Coleman*, 2016 WL 10521068, at *4–5 (finding transfer of claims to a proper venue promoted the interests of justice). Accordingly, because venue is improper in this district but is proper in the Western District of Virginia and transfer is in the interests of justice, it is recommended that this matter be transferred to the United States District Court for the Western District of Virginia.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **March 8, 2019** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the

magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Submitted, this the 2̲2̲ day of February 2019.

_____
Robert B. Jones, Jr.
United States Magistrate Judge