CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR - 2 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

TERRY C. BRADLEY,                     )
                                      )     Civil Action No. 7:19CV00253
    Plaintiff,                    )
                                      )     **MEMORANDUM OPINION**
v.                                    )
                                      )     By: Hon. Glen E. Conrad
COMMONWEALTH OF VIRGINIA, et al., )         Senior United States District Judge
                                      )
    Defendants.                   )

      Terry C. Bradley, proceeding pro se, commenced this action by filing a form complaint against the Commonwealth of Virginia, "Virginia Tech College/ Virginia Tech Police Department," the Circuit Court of Montgomery County, Virginia, and the Montgomery County Commonwealth's Attorney's Office. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of her complaint. For the following reasons, the court concludes that the case must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

### Background

      The plaintiff's complaint indicates that she was arrested in Montgomery County for an unidentified offense in October of 2011. The plaintiff claims that the Commonwealth's Attorney's Office "fabricated judicial proceedings" against her and that the Office now maintains that "a valid plea agreement exists between the plaintiff and the Commonwealth." Compl. Attach. 1, Dkt. No. 6-1. The plaintiff alleges that the Commonwealth has "repeatedly depended upon [the plea agreement] as support for the contention of guilty" and the "subsequent denial of

expungement." Id. The plaintiff further alleges that the Commonwealth and/or the Circuit Court "exacerbate[d] the plaintiff's grievances by knowingly and maliciously sentencing the plaintiff under arbitrary and capricious means." Id.

The plaintiff claims that she was unaware of any of the events that purportedly occurred in Montgomery County until 2018, when she applied for a job in North Carolina. "During a customary background check, it was discovered the plaintiff had an alleged felony conviction." Id. The plaintiff claims that she has since uncovered evidence indicating that "no criminal record exists." Id.

The plaintiff filed a form "Complaint for Violation of Civil Rights" in the Eastern District of North Carolina on February 20, 2019. On March 22, 2019, a judge in that district transferred the case to the Western District of Virginia after concluding that venue was improper there.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim,

2

a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

## Discussion

The plaintiff seeks to recover monetary damages from the named defendants under 42 U.S.C. § 1983. See Compl. 6, Dkt. No. 6 (requesting monetary damages in the amount of 50 million dollars). Section 1983 provides a cause of action against any "person" who, under color of state law, causes the deprivation of another person's rights under the Constitution or laws of the United States. 42 U.S.C. § 1983. For the following reasons, the court concludes that the plaintiff's complaint fails to state a plausible claim under § 1983 against any of the named defendants.

### I.     Claims against the Commonwealth

To state a claim under § 1983, a plaintiff must name a defendant who qualifies as a "person" within the meaning of the statute. The Supreme Court has made clear that "a state is not a 'person' for purposes of determining who can be sued under § 1983." Va. Office for Prot. & Advocacy v. Reinhard, 405 F.3d 185, 189 (4th Cir. 2005) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the Commonwealth of Virginia is not subject to liability under § 1983 and any claims against it must be dismissed.

### II.     Claims against the Circuit Court and the Commonwealth's Attorney's Office

For the same reason, the court must dismiss any claims against the Circuit Court of Montgomery County and the Office of the Commonwealth's Attorney. It is well settled that a state court is not a "person" subject to suit under § 1983. See Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995) (observing that "this and other circuit courts have held that a state court is not

3

a 'person' under [§] 1983") (collecting cases); see also Olivia v. Boyer, 163 F.3d 599 (4th Cir. 1998) (unpublished table opinion) (concluding that "the Defendant court system is not a person" for purposes of § 1983). The same is true for the Commonwealth's Attorney's Office. See, e.g., Newkirk v. Circuit Court, No. 3:14-cv-00372, 2014 U.S. Dist. LEXIS 113032, at * 5 (E.D. Va. Aug. 14, 2014) ("[N]either the Circuit Court of the City of Hampton nor the Office of the Commonwealth's Attorney are persons under § 1983, thus, they are not amenable to suit.").

### III.    Claims against Virginia Tech and its Police Department

Although the plaintiff names Virginia Tech and its police department as defendants, her complaint does not contain any specific allegations relevant to these entities. In any event, both Virginia Tech and its police department, as state entities, "clearly fall[] outside the scope of a 'person' for § 1983 purposes." Zhao v. Va. Polytechnic Inst. & State Univ., No. 7:18-cv-00189, 2018 U.S. Dist. LEXIS 177991, at *8 (W.D. Va. Oct. 16, 2018); see also Reinhard, 405 F.3d at 189 (agreeing that "a state agency . . . is not a 'person' within the meaning of the statute"). Accordingly, the plaintiff's claims against these defendants are also subject to dismissal.

### Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, the plaintiff's complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

DATED: This _2d_ day of April, 2019.

Senior United States District Judge

4